UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

SUBODHCHANDRA T. PATEL,

Plaintiff,

v.        6:11-cv-95

BRUCE CHATMAN; JOHN PAUL; WEDELL FOWLER; STEVE UPTON; DON JARIELL; SHARON SHAVER; BRIAN OWENS; JAMES DONALD; and JOHN AND/OR JANE DOES,

Defendants.

## ORDER

Before the Court is Plaintiff Subodhchandra T. Patel's ("Patel") motion for this Court to reconsider its October 11, 2011 Order dismissing his case. *See* Docs. 9; 11.

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It is appropriate "only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

On August 18, 2011, the Magistrate Judge ordered Patel to complete a Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account form, and to return them both to the Clerk within thirty days of the Magistrate Judge's order. *See* Doc. 6 at 2-3. The Magistrate Judge warned Patel that if he failed to return the forms, the Court would dismiss his case without prejudice. *See id.* at 3.

Patel did not return the forms, instead reapplying for leave to proceed in forma pauperis ("IFP"). *See* Doc. 7. Because Patel had already received permission to proceed IFP, the Magistrate Judge denied his motion as moot. *See* Doc. 8.

This Court has broad discretion in sanctioning parties for the failure to heed its orders. *See, e.g.*, S.D. GA. L.R. 41.1 (stating that the Court may dismiss any action for "willful disobedience or neglect of any order of the Court"); *Walker v. Powell*, 351 F. App'x 384, 386 (11th Cir. 2009) ("District courts have broad discretion to dismiss cases for failure to follow orders.").

Patel argues that in reapplying for leave to proceed IFP, he submitted forms that were functionally equivalent to the forms he was ordered to return. *See* Doc. 11 at 1-2. Patel is correct that he has completed and returned a form that is functionally equivalent to the Prisoner Trust Fund Account Statement. *See* Doc. 7 at 3; *see also* 28 U.S.C. § 1915(a)(2) (allowing prisoner to submit "institutional equivalent" of certified copy of the trust fund account statement).

Substantial differences exist, however, between the Consent to Collection of Fees from Trust Account form and the form he submitted in his second application for permission to proceed IFP. The consent form sets forth the exact schedule according to which a prisoner's fees are to be deducted. *See* Doc. 6 at 4. The form also authorizes prison officials to withdraw payment both for appellate court filing fees and for any additional costs that the Court may impose. *See id.* The form returned by Patel does not set forth a fee schedule and does not authorize withdrawals for these

additional fees. *See* Doc. 7 at 3. Therefore, Patel's argument is unpersuasive.

The Magistrate Judge warned Patel of the possible consequences of noncompliance. Patel still has not provided the required forms. Because Patel has not identified an intervening change in the law, new evidence, or a clear error of law, the Court now adheres the Magistrate Judge's warning and this Court's subsequent dismissal.

## CONCLUSION

Patel's motion for reconsideration, *see* Doc. 11, is **DENIED**.

This 17th day of January 2012.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA